RONALD McDOUGLER,

    Plaintiff,

vs.

CIVIL ACTION NO.: CV203-103

SHERYL RUSSELL; Capt. PROCTOR;
KIM BAIRD, P.A.; BILL SMITH, Sheriff;
Sgt. NASON; DAVID MILLS, and
HOPE BUTLER,

    Defendants.

## ORDER

Plaintiff, an inmate currently incarcerated at Men's State Prison in Hardwick, Georgia, filed a 42 U.S.C.A. § 1983 action contesting the conditions of his confinement while he was incarcerated at the Camden County Safety Complex in Woodbine, Georgia. Defendants Russell, Proctor, Smith, Nason, Mills, and Butler ("Defendants") filed a Motion for Summary Judgment, and Plaintiff has responded. Defendants filed a Reply. For the reasons which follow, Defendants' Motion is **DENIED**.

## STATEMENT OF THE CASE

In his Complaint, Plaintiff alleges that Nurse Russell at Camden County Safety Complex was deliberately indifferent to his serious medical needs. Plaintiff asserts that he has a heart condition and a fluid condition which require medication, but Russell either failed to give him any medication or gave him inappropriate amounts of his necessary medication. On one particular occasion, Plaintiff avers, he was taken to the hospital due to an upper respiratory infection, and Russell did not fill his prescription because she was

AO 72A
(Rev. 8/82)

not contacted before he was taken to the hospital. Plaintiff asserts that Defendants Smith, Proctor, Nason, Mills, and Russell assigned him to cells which they knew or should have known would interfere with his medical treatment after he suffered two congestive heart failures; Plaintiff asserts that these cells did not have beds, which caused him to sleep upright or in a fetal position, and he was not able to sleep with his legs elevated. Plaintiff contends that he contacted his family and friends and informed them that officials at the Camden County Safety Complex were deliberately indifferent to his serious medical needs. He also contends that Proctor and Russell retaliated against him for these actions by placing him in an isolation cell that was so small he had to sleep in a fetal position or sitting upright. Finally, Plaintiff contends that he experienced an episode of congestive heart failure, and, though Officer Butler contacted the paramedics, she would not allow the paramedics to transport him to the hospital.

Defendants assert that Plaintiff failed to exhaust his administrative remedies, and as a result, his Complaint should be dismissed.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine

2

"'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

Title 42, United States Code, Section 1997e(a), as amended by Section 803 of the Prison Litigation Reform Act of 1995 ("PLRA"), sets forth the procedures a prisoner must follow to access the courts. Section 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

3

AO 72A
(Rev. 8/82)

In Porter v. Nussle, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed.2d 12 (2002), the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523, 122 S. Ct. at 987. Thus, even when the prisoner is seeking relief not provided for under the grievance process, exhaustion is still a prerequisite to his filing suit. Id. at 524, 122 S. Ct. at 988; Booth v. Churner, 532 U.S. 731, 732, 121 S. Ct. 1819, 1821, 149 L. Ed.2d 958 (2001). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (citing Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. See id.

Defendants assert that Plaintiff was aware that there was a grievance procedure in place at the Camden County Safety Complex. Defendants also assert that the grievance procedure was in place and that Plaintiff never filed a grievance concerning the matters about which he complains in the instant lawsuit. Defendants contend that the affidavit of Captain Proctor establishes that the grievance procedure was set forth in the inmate handbook and that the inmate handbook contained a grievance form. Defendants aver that because Plaintiff received a copy of the handbook, his claim that he was not given a grievance form is without merit.

Plaintiff alleges that he repeatedly asked jail officials for a grievance form. Plaintiff contends that, instead of being given a grievance, he was placed in an isolation cell without any property. Plaintiff also alleges that he asked Defendant Russell for a grievance form "one night", but his request was refused. (Doc. No. 55, p. 6.)

4

In his "Declaration Under Penalty of Perjury", which the Court construes as Plaintiff's affidavit, Plaintiff states that he asked for a grievance form and his request was denied. (Id.) This statement is sufficient to establish the existence of a genuine issue of material fact as to whether Defendant Russell and the other named Defendants thwarted Plaintiff's attempt to file a grievance. Even accepting Defendants' assertion that Plaintiff received a handbook which contained a grievance form as true, Plaintiff may have already used the grievance form contained in the inmate handbook on a prior occasion and thus, may not have had this form at his disposal. Further, Plaintiff contends that he was placed in an isolation cell without any of his property in response to his request for a grievance form. (Doc. No. 53, p. 2.) Arguably, Plaintiff's handbook and/or the grievance form contained therein were not with him while he was in the isolation cell. Viewing the evidence in the light most favorable to the nonmoving party, Plaintiff has established the existence of a genuine issue of material fact as to whether he exhausted his *available* administrative remedies. See Higginbottom, 223 F.3d at 1261.

## CONCLUSION

Based on the foregoing, the Motion for Summary Judgment (Doc. No. 47) filed by Defendants Russell, Proctor, Smith, Nason, Mills, and Butler is **DENIED**.

**SO ORDERED**, this 11th day of July, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

5

# United States District Court
## Southern District of Georgia

MCDOUGLER                             )

vs                                    )     CASE NUMBER  CV203-103

RUSSELL, ET AL                        )     DIVISION  BRUNSWICK

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 7/11/05 _____, which is part of the official record of this case.

Date of Mailing:  7/11/05

Date of Certificate   [X] same date,   or _____

Scott L. Poff, Clerk

By: _____
Sherry Taylor, Deputy Clerk

**Name and Address**

Terry Dillard
Ronald McDougler, 874035, Men's State Prison, P.O. Box 396, Hardwick, GA 31034
Richard Rominger

☐ Copy placed in Minutes
☐ Copy given to Judge
☒ Copy given to Magistrate