RONALD McDOUGLER,                    :

     Plaintiff,                          :

                                         :

vs.                                  :     CIVIL ACTION NO.: CV203-103

                                         :

SHERYL RUSSELL; Capt. PROCTOR;       :
KIM BAIRD, P.A.; BILL SMITH, Sheriff; :
Sgt. NASON; DAVID MILLS, and         :
HOPE BUTLER,                         :

                                         :

     Defendants.                         :

## O R D E R

Plaintiff, an inmate currently incarcerated at Men's State Prison in Hardwick, Georgia, filed a 42 U.S.C.A. § 1983 action contesting the conditions of his confinement while he was incarcerated at the Camden County Safety Complex in Woodbine, Georgia. On May 20, 2005, Defendant Baird ("Baird") filed a Motion for Summary Judgment. The Clerk of Court mailed a Notice to Plaintiff advising him that Baird filed a Motion for Summary Judgment and that a response must be filed by June 12, 2005. (Doc. No. 23.) That Notice further advised Plaintiff that:

1.     If you do not timely respond to this motion . . ., the consequence may be that the Court will deem the motion unopposed, and the Court may enter judgment against you.

2.     If your opponent's Statement of Material Facts sets forth facts supported by evidence, the Court may assume that you admit all such facts unless you oppose those facts with your own Statement of Material Facts which also sets forth facts supported by evidence.

3.     If a summary judgment motion is properly supported, you may not rest on the allegations in your [Complaint] alone.

Plaintiff has failed to file a Response.

## STATEMENT OF THE CASE

In his Complaint, as amended, Plaintiff alleges that Baird, a nurse, refused to provide him with medication and treatment that were prescribed to him due to heart problems he experiences. Baird asserts that Plaintiff has failed to establish as a matter of law that she was deliberately indifferent to his serious medical needs.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986)).

The moving party bears the burden of establishing that there is no genuine issue of material fact and that she is entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that there are no genuine

2

issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving party may discharge her burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. This duty to safeguard also embodies the principle expressed by the Court in Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed.2d 251 (1976), forbidding prison officials from demonstrating deliberate indifference to the serious medical needs of inmates. Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed.2d 811 (1994).

Like any deliberate indifference claim, the Estelle analysis incorporates both an objective and a subjective component. Hill v. DeKalb Reg'l Youth Detention Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994). The objective component is "contextual and responsive to 'contemporary standards of decency.'" Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L. Ed.2d 156 (1992) (quoting Estelle, 429 U.S. at 103, 97 S. Ct. at 290). Under that standard, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious'." Hill, 40 F.3d at 1186 (quoting Hudson, 503 U.S.

3

at 9, 112 S. Ct. at 1000). In the Eleventh Circuit, a medical need is serious if it "has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill, 40 F.3d 1187 (internal citations omitted). As to the subjective component, the Eleventh Circuit "has consistently held that knowledge of the need for medical care and intentional refusal to provide that care constitute deliberate indifference." Hill, 40 F.3d at 1186 (quoting Mandel v. Doe, 888 F.2d 783, 788 (11th Cir. 1989)).

Baird asserts that the evidence clearly shows that she undertook professional, timely, and appropriate measures to address any and all of Plaintiff's medical complaints in her capacity as a nurse whenever she had the occasion to see Plaintiff. Baird contends that she properly treated Plaintiff's congestive heart failure, which is a chronic condition. Baird also contends that nothing she did or failed to do caused Plaintiff to have congestive heart failure or his condition to be exacerbated. Defendant further contends that what may have caused any exacerbation of his pre-existing heart problem was that Plaintiff did not elevate his legs, refused to take his medications as directed on several occasions, and refused on one occasion to go to the medical department for follow-up care and evaluation of his congestive heart failure. (Def.'s Br., p. 6.) Baird avers that Plaintiff's claims against her amount to nothing more than conclusory allegations unsupported by any evidence. Baird also avers that Plaintiff, at most, has presented evidence of a difference of medical opinion, which is not cognizable under section 1983. (Def.'s Br., p. 7.)

A review of the documents Baird submitted in support of her Motion for Summary Judgment reveals that she had nothing to do with cell assignments, and Plaintiff claimed his cell assignment was the reason he could not elevate his legs. (Def.'s Ex. A, pp. 47,

4

66.) These documents also reveal that Plaintiff refused medication "three or four times" because the medications were given to him at times that did not fit his schedule. (Def.'s Ex. A, pp. 67-68.) Moreover, Plaintiff asserts that he refused to go to medical on one occasion at Baird's request but agreed to go later when an officer convinced him to go to the medical department. (Def.'s Ex. A, p. 75.) Baird's affidavit indicates that Plaintiff was taking various medications for his heart problems before he was incarcerated, that she gave Plaintiff a complete physical exam upon his arrival at the Safety Complex, and that Plaintiff was given medications during his time at the Safety Complex. (Def.'s Ex. B.) In sum, the documents Baird has submitted in support of her Motion reveal that she treated Plaintiff for his medical condition while he was incarcerated at the Camden County Safety Complex. In contrast, Plaintiff has submitted nothing to establish the existence of a genuine issue of material fact as to whether Baird was deliberately indifferent to his serious medical needs.

## CONCLUSION

Based on the foregoing, Defendant Baird's Unopposed Motion for Summary Judgment (Doc. No. 62) is **GRANTED**. Plaintiff's claims against Defendant Baird are **DISMISSED**.

**SO ORDERED**, this _11th_ day of July, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

5

AO 72A
(Rev. 8/82)

# United States District Court
## *Southern District of Georgia*

MCDOUGLER

_____ )

vs                                    )          CASE NUMBER   CV203-103 _____

RUSSELL, ET AL

_____ )          DIVISION      **BRUNSWICK** _____

> The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1.   Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2.   That the aforementioned enveloped contained a copy of the document dated
   7/11/05 _____, which is part of the official record of this case.

Date of Mailing:          7/11/05 _____

Date of Certificate          ☒  same date,      or   _____

                    Scott L. Poff,  Clerk

                    By:   _~Sherry Taylor~_____
                           Sherry Taylor, Deputy Clerk

Name and Address

Terry Dillard
Ronald McDougler, 874035, Men's State Prison, P.O. Box 396, Hardwick, GA 31034
Richard Rominger

☐  Copy placed in Minutes

☐  Copy given to Judge

☒  Copy given to Magistrate